John W. Sluss v. Commissioner.
John W. Sluss v. Commissioner
Docket No. 27064.
United States Tax Court
1951 Tax Ct. Memo LEXIS 250; 10 T.C.M. (CCH) 405; T.C.M. (RIA) 51119; April 27, 1951
*250 C. Titus Everett, Esq., for the petitioner. Elmer A. Lyon, Esq., for the respondent. RAUM
Memorandum Findings of Fact and Opinion The respondent determined a deficiency in the income tax of petitioner for the calendar year 1947 in the amount of $1,540.61. The sole question presented is whether the petitioner is entitled to deduct the amount of $6,152.35 claimed as a bad debt on his Federal income tax return for the taxable year 1947. Findings of Fact Petitioner, a retired physician, is a resident of Indianapolis, Indiana. He filed his 1947 Federal income tax return with the collector of internal revenue at Indianapolis, Indiana, and reported gross income from a pension, a claim for past professional services rendered, and from practice of his profession in the respective amounts of $3,000, $6,000, and $400.05, totaling $9,400.05. On his return he claimed the amount of $6,152.35 as a bad debt deduction owing from the General Gas Pipe Line Corporation. This deduction was disallowed by the respondent. During the period 1941 to 1947, inclusive, petitioner made advances of money, totaling about $6,000, to a Mr. Kalo. No promissory notes were executed, and petitioner *251 was given no specific assurance as to the time or method by which these advances were to be repaid. It was their understanding that Mr. Kalo was not to be personally liable to reimburse petitioner for the sums that he had advanced. Mr. Kalo was the president of the General Gas Pipe Line Corporation which was endeavoring to obtain a contract from the United States Army for supplying gas to Fort Knox, by pipeline, from Kentucky gas fields. It was the petitioner's understanding that advances made by him were to be used in connection with this venture, and that, if it were successful, he would share in it, but if it were not a success no one would owe him any money. It was also his understanding that he would be given a position with the corporation as personnel supervisor. The corporation had no assets and never issued any stock. In 1944 the%army notified the corporation that it would not be given the contract. A claim for damages was filed by the corporation with the War Department and the petitioner understood that he would be reimbursed when the company got a settlement of its claim. In 1947, after being advised by an attorney that nothing could be recovered on the claim, and that *252 he should not make further advancements, the petitioner stopped making advancements to Mr. Kalo. The corporation's claim was disallowed by the War Department, and it filed suit in the Court of Claims. That court held in 1949 that it was not entitled to recover any damages. The General Gas Pipe Line Corporation v. United States, 115 Ct. Cls. 1. Opinion RAUM, Judge: In order to be entitled to the bad debt deduction claimed by him for 1947, the burden was on the petitioner to establish that a valid debt existed and that it became worthless in that year. During the years 1941 to 1947, he made a number of advances to Mr. Kalo, who was the president of a corporation engaged in endeavoring to secure a contract to supply gas to Fort Knox, Kentucky. When asked what the terms of repayment were for the money advanced, he testified that "it was all just a general understanding"; that Kalo did not state any specific time or method by which the money would be repaid; that Kalo was not personally to reimburse him; that it was generally understood by the members of the company that he was helping "promote the thing and * * * would be recompensed accordingly"; that he felt sure the *253 "thing would be a success"; and that his understanding was that if the company was successful in obtaining the contract, he would share in it, but if it were not a success then no one would owe him any money. He also testified that there was an understanding that he would be reimbursed when the company got a settlement from the War Department. The testimony of the petitioner convinces us that no debtor-creditor relationship ever existed either between him and Kalo or between him and the corporation. The most that can be said in petitioner's favor is that he had an understanding that if the corporation obtained a contract to supply gas to Fort Knox, Kentucky, or, after failing to obtain it, if it were successful in having the War Department grant its claim for damages, he would share in the fruits. Neither Mr. Kalo nor the corporation was under obligation to repay the amounts advanced by petitioner. In these circumstances, no debt ever existed which could become worthless in 1947 or any other year, and respondent therefore properly disallowed the bad debt deduction claimed by petitioner for the year 1947. Decision will be entered for the respondent.